1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **EASTERN DISTRICT OF CALIFORNIA**

9

10

11 LEO MORGAN,                                                ) Case No.: 1:19-cv-00605-BAM
                                                             )
12                       Plaintiff,                          ) **ORDER REGARDING PLAINTIFF'S**
                                                             ) **SOCIAL SECURITY COMPLAINT**
13             v.                                            )
                                                             )
14 ANDREW M. SAUL, Commissioner of Social )
   Security,                                                 )
15                                                           )
                                                             )
16                       Defendant.                          )
   _____ )

17

18                           **INTRODUCTION**

19          Plaintiff Leo Morgan ("Plaintiff") seeks judicial review of a final decision of the

20 Commissioner of Social Security ("Commissioner") denying his application for disability insurance

21 benefits under Title II of the Social Security Act. The matter is currently before the Court on the

22 parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A.

23 McAuliffe.[1]

24          Having considered the briefing and record in this matter, the Court finds the decision of the

25 Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole

26

27 _____

28 [1]      The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including
   entry of final judgment, pursuant to 28 U.S.C. § 636(c).  (Doc. Nos. 4, 6, 13.)

                                              1

1   and based upon proper legal standards.  Accordingly, this Court affirms the agency's determination to

2   deny benefits.

3   **FACTS AND PRIOR PROCEEDINGS**

4   Plaintiff filed an application for disability insurance benefits on December 28, 2015.  AR 161-

5   62.[2]  Plaintiff alleged that he became disabled on March 23, 2015, due to a back injury.  AR 201.

6   Plaintiff's application was denied initially and on reconsideration.  AR 87-91, 94-98.  Subsequently,

7   Plaintiff requested a hearing before an ALJ.  ALJ Matilda Surh held a hearing on March 28, 2018, and

8   issued an order denying benefits on May 11, 2018.  AR 12-30, 31-58.  Plaintiff sought review of the

9   ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's

10   final decision.  AR 1-5.  This appeal followed.

11   **Hearing Testimony**

12   The ALJ held a hearing on March 28, 2018, in Fresno, California.  Plaintiff appeared with his

13   attorney, Kelli Morris.  Paul Steve Ramirez, an impartial vocational expert, also appeared.  AR 15.

14   In response to questions from the ALJ, Plaintiff testified that he was 58 years old with one year

15   of college.  AR 35-36.  Plaintiff testified that he last worked in 2014.  He was a hospital team leader

16   for the housekeeping staff since at least 2003.  AR 37-39.  He was let go from that job because he

17   could no longer perform duties that involved bending, sitting, reaching and twisting.  He feels unable

18   to work because of constant pain in his lower back and right hip.   AR 39-41.  He tried to drive for

19   Uber in 2016, but he could not do it.  AR 53.

20   When asked about his activities, Plaintiff testified that he does not do a lot of chores around the

21   house.  He is able to do small loads of laundry and will shop with his kids.  On a typical day, he wakes

22   up, walks, showers, dresses and sits around.  He tries to do a little walking in the yard, but he is mostly

23   at the house, watching TV and reading.  He can sit about 14 or 20 minutes before he needs to move.  If

24   his back goes out, he might have to lie down for three to five days or more.  He was taking Motrin, but

25   no longer takes pain medication.  AR 41-44.

26

27

28   _____

[2]        References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

Plaintiff testified that he recently went to the doctor to discuss his back pain.  An x-ray was taken, but Plaintiff has not talked with the doctor about the results.  She directed him to stop taking Motrin and sent him to a chiropractor.  The chiropractor temporarily helps with pain.  AR 45-46.  He used to attend physical therapy, but he did not find it helpful.  He wears a back brace for his lower back, which helps.  AR 47-48.

When asked about his abilities, Plaintiff explained that he does not bend or pick things up off the floor.  He can lift about 20 pounds on a good day, but he cannot pick a gallon of milk on a bad day.  AR 46-47.  He can drive and drives himself to appointments and to run errands.  AR 48.

In response to questions from his attorney, Plaintiff testified that he has more bad days than good days over the course of a month.  During the last year, he had not received much treatment for his back.  He was using warm compresses.  He did not know why his last doctor did not send him to a chiropractor.  AR 49-51.

Plaintiff also reported some vertigo, which had not been resolved.  He recently was sent for an MRI to check the blockage in his neck.  He still has vertigo every now and then, about five times each month, but it is short-lived.  AR 51-52.

Following Plaintiff's testimony, the ALJ elicited testimony from the vocational expert ("VE") Paul Steve Ramirez.  The VE characterized Plaintiff's past work as cleaner, hospital, at the medium exertional level.  The ALJ also asked the VE hypothetical questions.   For all of the hypotheticals, the ALJ asked the VE to assume an individual with the same age, education and work experience as Plaintiff.  AR 55.  For the first hypothetical, the ALJ asked the VE to assume an individual who could lift 50 pounds occasionally, and 25 pounds frequently, could stand, walk, and/or sit for six out of eight hours with frequent climbing of ramps or stairs, but only occasionally ladders, ropes or scaffolds, and could frequently stop, kneel, crouch or crawl.  The VE testified that the hypothetical individual could perform Plaintiff's past work.  AR 55.

For the second hypothetical, the ALJ asked the VE to assume an individual with the same exertional level, but with reduced postural limitations to occasional stooping, kneeling, crouching or crawling.  The VE testified that Plaintiff's past work would not be available.  AR 55.  However, there would be other jobs, such as amusement park worker and campground attendant.  AR 56.

For the third hypothetical, the ALJ asked the VE to assume an individual who would additionally miss three or more days of work per month.  The VE testified that there would be no jobs available and no past work.  AR 56-57.

For the fourth hypothetical, Plaintiff's counsel asked the VE to consider an individual limited to lifting and carrying 20 pounds, standing and walking up to 33 percent of an eight-hour and who could perform postural limitations occasionally.  The VE testified that this individual could not perform Plaintiff's past relevant work and the individual would be limited to sedentary work.  AR 57.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act.  AR 12-26.  Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since March 23, 2015, his alleged onset date.  AR 17-18.  The ALJ identified lumbar degenerative disc disease and obesity as severe impairments.  AR 18.  The ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments.  AR 18-19.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, including lifting and carrying 50 pounds occasionally and 25 pounds frequently and standing or walking for six hours in an eight-hour workday with restrictions to frequently stooping, kneeling, crouching, crawling and climbing ramps and stairs and occasionally climbing ladders, ropes and scaffolds.  AR 19-25.  With this RFC, the ALJ found that Plaintiff could perform his past relevant work as a hospital cleaner.  AR 25-26.  The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act.  AR 26.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.

4

42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[3]

Plaintiff contends that the ALJ erred by (1) improperly evaluating opinion evidence from Nurse Practitioner Breena Siliznoff, his treating provider; and (2) improperly evaluating Plaintiff's subjective complaints.

---

[3]   The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

**A.  The ALJ Did Not Err in Evaluating the Opinion Evidence from Nurse Practitioner Siliznoff**

Plaintiff argues that the ALJ improperly rejected the opinion of his treating provider, Breena Siliznoff, NP.  Specifically, Plaintiff contends that the ALJ erred in evaluating NP Siliznoff's opinion that Plaintiff could never lift or carry greater than 20 pounds bilaterally, could only occasionally bend at the waist and occasionally kneel and crouch and could stand and walk for four hours each during the day.  (Doc. No. 10 at 13.).   The Court disagrees.

On June 20, 2015, NP Siliznoff completed a form in connection with Plaintiff's application for long term disability income benefits.  In a check-the-box form, NP Siliznoff opined that Plaintiff could sit eight hours at one time, stand four hours at one time and walk four hours at one time.  He could never lift more than 20 pounds and could only occasionally bend at the waist, kneel or crouch.  AR 399.

At the time Plaintiff's claim was filed, the opinions of nurse practitioners as treating sources were not given the same weight as physicians' opinions.  *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017). Under the regulations then-applicable to Plaintiff's claims, NP Siliznoff is not an "acceptable medical source," but rather an "other source."  *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (acceptable medical sources are generally limited to physicians and other qualified specialists); 20 C.F.R. 404.1513(d) (effective September 3, 2013 to March 26, 2017) ("other sources" include nurse practitioners and physicians' assistants).  Although required to consider evidence from "other sources," an ALJ may discount testimony from these other sources by providing reasons "germane to each witness for doing so." *See Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Here, the ALJ assigned NP Siliznoff's opinion "very little weight" because it was "an underestimate" of Plaintiff's abilities and "inconsistent with the opinions of Dr. Hoover, Dr. Rios, Dr. Georgis, Jr., State agency opinion, and the overall evidence of record."  AR 24.  The ALJ may reject the competent testimony of "other medical sources" if it is inconsistent with evidence in the record or if it is contradicted by another medical specialist. *Dale*, 823 F.3d at 944–45; *Molina*, 674 F.3d at 1111; *see also Shorter v. Saul*, 777 Fed.App'x 209, 211 (9th Cir. 2019) (finding ALJ properly rejected other

source opinion of nurse practitioner based on inconsistency with objective medical evidence, including treatment notes showing largely unremarkable examinations and findings of improvement with medication).

According to the record, Plaintiff sustained a work injury on January 6, 2014, but returned to full duty work in June 2014 "with minimal problems" and only "mild low back pain" AR 337, 356. He reported further injury to his lower back in July 2014 but returned to duty in May 2015 with permanent restrictions of "no very heavy lifting & no repetitive bending or stooping." AR 362, 364. Consistent with that view, on May 15, 2015, Dr. Theodore Georgis, Jr. completed a Qualified Medical Evaluation report and opined that Plaintiff should have the following "prophylactic work preclusions: No very heavy lifting; or repeated bending or stooping." AR 22, 323. A March 17, 2016 x-ray of the lumbar spine showed only mild degenerative changes. AR 20-21, 328. On March 22, 2016, Dr. Thomas Rios, a consultative medical examiner, concluded that Plaintiff could lift and carry 50 pounds occasionally, 25 pounds frequently, could frequently climb steps, stairs, ladders, scaffolds and ropes and could frequently stoop, crouch, kneel and crawl. AR 23, 332. On April 15, 2016, Dr. J. Linder, a state agency physician, opined that Plaintiff could lift and carry 50 pounds occasionally, 25 pounds frequently, could stand and/or walk about 6 hours in an 8-hour workday, could sit about 6 hours in an 8-hour workday, could frequently climb ramps/stairs, stoop, kneel, crouch and crawl and could occasionally climb ladders/ropes and scaffolds. AR 25, 66-68. On May 23, 2016, Dr. J. Singh, also a state agency physician, opined that Plaintiff could lift and carry 50 pounds occasionally, 25 pounds frequently, could stand and/or walk about 6 hours in an 8-hour workday, could sit about 6 hours in an 8-hour workday, could frequently climb ramps/stairs, stoop, kneel, crouch and crawl and could occasionally climb ladders/ropes and scaffolds. AR 25, 78-79. In August 2016, Dr. Gerald Hoover completed an Attending Physician's Statement and opined that Plaintiff was limited to no repetitive bending and no very heavy lifting. AR 23, 336. In late 2016, 2017 and 2018, Plaintiff's treatments consisted primarily of ibuprofen, "hot showers," warm and cold compresses, and Tylenol. AR 404, 408, 411-13, 415, 427.

As noted above, NP Siliznoff opined that Plaintiff could stand and walk only four hours each, could not lift more than 20 pounds and could only occasionally bend at the waist, kneel or crouch.

1   However, as determined by the ALJ, that opinion is inconsistent with the objective medical evidence

2   identifying only mild degenerative changes in Plaintiff's lumbar spine and conservative treatment.  NP

3   Siliznoff's opinion also is inconsistent with multiple physician opinions in the record that identify no

4   restrictions on Plaintiff's ability to stand and walk and limit him only to no "very heavy" lifting or

5   repeated bending or stooping.   Accordingly, the Court finds that the ALJ provided sufficiently

6   germane reasons for discounting the opinion of NP Siliznoff.

7          **B.  The ALJ Properly Evaluated Plaintiff's Subjective Complaints**

8          Plaintiff contends that the ALJ erred in evaluating Plaintiff's subjective complaints.   In

9   deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-

10  step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec.*

11  *Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).  First, the claimant must produce objective medical

12  evidence of his impairment that could reasonably be expected to produce some degree of the symptom

13  or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no

14  evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his

15  symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

16         Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be

17  expected to cause the alleged symptoms, but discounted his statements concerning the intensity,

18  persistence and limiting effects of those symptoms.  AR 20.  The ALJ was therefore required to

19  provide specific, clear and convincing reasons for discounting Plaintiff's testimony.

20         The Court finds that the ALJ provided specific, clear and convincing reasons for discounting

21  Plaintiff's testimony.  First, the ALJ considered that Plaintiff's report of limited daily activities could

22  not be attributed to his medical condition.  AR 20.  Although lack of supporting medical evidence

23  cannot form the sole basis for discounting testimony, it is a factor that the ALJ can consider. *See*

24  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  Here, Plaintiff alleged disabling symptoms due

25  to a back injury, but the objective diagnostic evidence identified only mild degenerative changes in

26  Plaintiff's lumbar spine after his alleged onset date.  AR 21, 328.  Further, as determined by the ALJ,

27  Plaintiff's allegations contrasted with his essentially normal clinical presentation and statements.  AR

28  20.  For example, the ALJ noted that upon examination by Dr. Georgis, Jr., in April 2015, Plaintiff

reported his physical activities and travel were slightly affected by his condition, and his sleep was moderately affected.  AR 22, 314-15.  The ALJ also noted that Plaintiff had a normal gait, was able to heel walk, toe walk and tandem walk, but toe walking caused an increase in his low back pain.  He was able to squat about 30-40% of the way down, he had reduced lumbar range of motion, 5/5 motor strength, negative straight leg raising, and full hip range of motion with increased back pain.  AR 22, 316-17.

Additionally, the ALJ noted that upon examination by Dr. Rios in March 2016, Plaintiff was capable of getting on and off the examination table and was able to bend down to pick up his eyeglasses case that he dropped on the floor with minimal difficulties.  His station and gait were normal, and his Romberg test was negative.  His straight leg raising was negative to 80 degrees bilaterally from seated and supine positions.  His motor strength was 5/5 in the upper and lower extremities, his grip strength was normal, and his muscle bulk and tone also were normal.  Dr. Rios found that Plaintiff had some limitation to lumbar flexion/extension movement with tenderness on palpation of the mid and lower lumbar spine, but no spasms or findings of nerve root compression.  AR 21-22, 331-32.

Second, the ALJ appropriately considered Plaintiff's conservative medical treatment for his back pain, concluding that Plaintiff's use of medications did not suggest the presence of an impairment that was more limiting  AR 20, 22.  An ALJ may permissibly consider a claimant's conservative treatment in evaluating subjective complaints of pain. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007).  In this instance, the ALJ cited evidence that after the alleged onset date of March 23, 2015, Plaintiff treated with warm compresses, ibuprofen, hot showers, and was prescribed a Lidoderm patch .AR 21, 404, 408, 411, 417.  The ALJ also acknowledged Plaintiff's hearing testimony that he had not had much treatment for his back pain, using hot compresses and ibuprofen.  AR 20, 49-50.

Plaintiff contends that the ALJ erred by failing to obviously consider the factors set forth in the regulations.  (Doc. No. 10 at 21.)  Pursuant to 20 C.F.R. §§ 404.1529, factors relevant to a claimant's symptoms which the ALJ will consider include: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken

1    to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant receives or has

2    received for relief of pain or other symptoms; (6) any measures the claimant uses or has used to relieve

3    pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping

4    on a board, etc.); and (7) other factors concerning the claimant's functional limitations and restrictions

5    due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(i)-(vii).

6         Plaintiff's contention that the ALJ did not consider these factors is not supported by the record.

7    The ALJ expressly stated that in determining Plaintiff's RFC, she considered "all symptoms and the

8    extent to which these symptoms could reasonably be accepted as consistent with the objective medical

9    evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." AR 19.

10   Moreover, as discussed above, the ALJ expressly addressed Plaintiff's daily activities, including his

11   hearing testimony (AR 19, 20), treatment (AR 20-21), medications (AR 20-21), and other measures

12   used to relieve pain (AR 21).  The ALJ also took into account Plaintiff's testimony regarding pain and

13   any precipitating or aggravating factors.  AR 19-20.

14        As a final matter, Plaintiff argues that the ALJ erred in evaluating Plaintiff's subjective

15   complaints by failing to consider his "stellar work history."  (Doc. 10 at 22.)  However, "courts have

16   rejected the contention that the ALJ is required to address a claimant's exemplary work history in

17   assessing her credibility." *Coffman v. Berryhill*, No. 2:17-cv-2088 CKD, 2018 WL 6419676, at *6

18   (E.D. Cal. Dec. 6, 2018) (quotation omitted) (collecting cases); *see also Goldman v. Berryhill*, No.

19   2:17-cv-2450 DB, 2019 WL 498996, at *5 (E.D. Cal. Feb. 8, 2019); *Smith v. Colvin*, No. 11-3045,

20   2013 WL 1156497, at *7 (E.D. Cal. Mar. 19, 2013) (rejecting claimant's argument that ALJ was

21   required to consider good work history; noting lack of authority "suggesting an ALJ is bound to make

22   a certain credibility determination based on a lengthy or 'good' work history"); *Henderson v. Colvin*,

23   No. 14-870, 2015 WL 5768934, at *6 (C.D. Cal. Sept. 30, 2015) ("Plaintiff's assertion that his fairly

24   'consistent and continuous employment for 32 years' is necessarily probative of his credibility is

25   equally unconvincing.").

26        The Court finds that the ALJ's assessment of Plaintiff's subjective complaints is free of

27   reversible error.

28   ///

10

1

### <u>CONCLUSION</u>

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Andrew M. Saul, Commissioner of Social Security, and against Plaintiff Leo Morgan.

IT IS SO ORDERED.

Dated:   **October 27, 2020**          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE